STRAYER, RESPONDENT, *v.* LEONARD, APPELLANT.

[Argued, October 24, 1893.  Decided, November 6, 1893.]

MARRIED WOMAN—*Right to maintain action for debt.*—One indebted to a married woman for board and lodging furnished by her and upon a debt due her husband which he had assigned to her, cannot question her competence to maintain an action upon such indebtedness because she had not complied with the sole traders' act or the provisions for filing a separate property list, as such considerations relate to the rights of the husband and creditors.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action for debt.  Judgment was rendered for the plaintiff below by HUNT, J.  Affirmed.

*David B. Carpenter,* for Appellant.

The common-law disability of husband and wife to enter into contracts had not been removed previous to the passage of the act approved March 3, 1887 (Comp. Stats. Mont., § 1439), on which plaintiff relies. (*Herron* v. *Frost,* 9 Mont. 308.) Section 1439 does not, nor was not intended to, apply to or regulate the contract rights of married women. This statute simply changes the rule of the common law in reference to the right of a married woman to sue for an "injury" (in tort) in her own name without joining her husband. This statute being in derogation of the common law must be strictly construed. Nothing will be supplied by implication, and it will not be presumed to alter the common law further than it expressly declares. (See cases cited in appellant's brief, *Herron* v. *Frost,* 9 Mont. 308.) Section 1439 only gives to married women an additional estate in, and dominion over, their separate property, and such statutes do not give her any additional right to contract in reference therewith. (2 Bishop on the Law of Married Women, 232.)

*Walsh & Newman,* for Respondent.

The act of March 3, 1887, commonly called the Woman's Emancipation Act, gave to a married woman all the rights that she possessed before marriage. She can sue and be sued and enter into contracts as if she were sole. She may even contract with her husband. (*Orum* v. *Sawyer,* 132 Ill. 443; *Snell* v.

*Snell,* 123 Ill. 403; 5 Am. St. Rep. 526; *Hamilton* v. *Hamilton,* 89 Ill. 349; *Kelley* v. *Jefferis* (Mont. April 18, 1893), 32 Pac. 753; *Shortel* v. *Young,* 23 Neb. 408; *McNaught* v. *Anderson,* 78 Ga. 499; 6 Am. St. Rep. 278; *Brickley* v. *Walker,* 68 Wis. 463; *Barker* v. *Lynch,* 75 Wis. 624; *Enyeart* v. *Kepler,* 118 Ind. 34; 10 Am. St. Rep. 94; *Ramage* v. *Towles,* 85 Ala. 588; *Diefendorff* v. *Hopkins,* 95 Cal. 343; *Douglass* v. *Douglass,* 72 Mich. 86.) The question of the right of a married woman to make a contract or prosecute an action in her own name can only be raised by her husband, or her husband's creditors. (*Avery* v. *Moore,* 34 Ill. App. 121, 155; *Bedford* v. *Bedford,* 32 Ill. App. 460; *Casner* v. *Preston,* 109 Ill. 535; *Metropolitan Nat. Bank* v. *Rogers,* 47 Fed. 148; *Freiler* v. *Kear,* 126 Pa. St. 470.)

HARWOOD, J.—In this case plaintiff demands judgment against defendant on an alleged debt consisting of two items —one item of ninety-two dollars for board and lodging; and another of fifty-seven dollars and twenty cents for office rent. The action was first prosecuted to judgment in favor of plaintiff in the justice's court, and carried into the district court by defendant's appeal, where the trial *de novo* again resulted in judgment for plaintiff, from which latter judgment defendant appeals to this court.

The question here presented by appellant is that plaintiff is incompetent to sue and recover said alleged debt, because it appears she is a married woman, and has not complied with the statute in respect to married women becoming sole traders, nor filed a separate property list; and, further, that it appears that the item of fifty-seven dollars and twenty cents for office rent, included in said judgment, was assigned to plaintiff by her husband, and appellant insists that such assignment is void, on the ground that plaintiff, being a married woman, could not acquire the right to said account by assignment from her husband.

Whatever question might be raised on the part of the husband, or on the part of a creditor, as to the validity of said assignment, or as to the right of the wife to claim the proceeds for said board and lodging as against the husband or his cred-

itors, appellant is in no position to raise those questions, nor to suffer by payment to the wife. The failure of plaintiff to comply with the provisions of the sole trader's act or the provisions for the recording a separate list of her property may leave her property in a condition to be taken by her husband's creditors, or may leave the husband in a position to be held liable for the debts of plaintiff. These considerations relate to the rights of the creditors and of the husband, and neither of them are complaining. The creditors' rights are not prejudiced by the fact that the wife has left undone those things which would create certain exemptions of property, and of the liability in favor of herself and husband. So as to the husband, he not only transferred said account for office rent to his wife, the plaintiff, but he appeared at the trial, and by his testimony supported her claim thereto, and also her right to collect for said board and lodging. Under these conditions, of course he would be estopped from undertaking to claim and enforce payment of said items to himself after defendant had paid the same to the wife. According to our law of domestic relations it is considered not only lawful, but proper, for the husband to furnish the wife somewhat for the supply of her wants; but this defendant would have it that she could take nothing from her husband lawfully. If, in this resistance of the payment of his board bill or said office rent to plaintiff, defendant thinks he is upholding the rights of the creditors of the husband or wife, or upholding abstract principles of law concerning domestic relations, he is mistaken in his mission, and the hallucination under which he moves ought to be dispelled by an execution.

Judgment affirmed, with costs.

*Affirmed.*

DE WITT, J., concurs.